IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LARRY WASHINGTON, #407448 | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. GLR-13-03767 |
| GARY D. MAYNARD, et al. | * | |
| Defendants. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

<u>MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS</u>

Defendants Gary D. Maynard, Marion Tuthill, and Captain Karen Moore by their attorneys, Douglas F. Gansler, Attorney General, and Donald E. Hoffman, Assistant Attorney General, pursuant to Fed. R. Civ. P. 12(b)(6), hereby file their Memorandum of Law in Support of their Motion to Dismiss for failure to state a claim upon which relief can be granted, and for those reasons as more fully set forth herein.

I. INTRODUCTION

On or about December 13, 2013, Plaintiff filed a pro se "FORM TO BE USED BY A PRISONER FILING A COMPLAINT UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983" and a Motion for Leave to Proceed *In Forma Pauperis*." ECF Nos. 1 and 2, respectively. On January 6, 2014, the Honorable George L. Russell, III, provisionally granted Plaintiff's Request for Leave to Proceed *In Forma Pauperis* and issued an Order directing the Defendants to respond to the Complaint. ECF No. 3.

On February 6, 2014, undersigned counsel filed an Entry of Appearance for Defendants Gary D. Maynard and Marion Tuthill. ECF No. 4.

Plaintiff 's Complaint seeks to set forth against the Defendants what appears to be an alleged violation of 42 U.S.C. § 1983, for failure to protect him from assaults at the Baltimore City Detention Center ("BCDC") by "Members of the B.G.F. (Black Gorilla *(sic)*Family) gang and inmate Brandon Dovi.  Complaint, § III "Statement of claim."  The Plaintiff seeks "Five Million Dollars" in damages. Complaint, § IV, "Relief."

The Defendants Maynard, Tuthill, and Moore now file their Motion to Dismiss and Memorandum of Law in Support for failure of the Complaint to state a claim upon which relief can be granted and for those other reasons as stated herein.

II.  STATEMENT OF FACTS

The Plaintiff alleges in his Complaint, presumably that while at BCDC in February 2012, he was assaulted by members of the Black Guerilla Family, including Brandon Dovi. Complaint, § III, "Statement of claim." Allegedly, after completing segregation time for the attack, Dovi was placed back on the Plaintiff's housing unit causing Plaintiff to fear for his life and request a housing reassignment. *Id.* His request was denied and on May 31, 2012, Plaintiff was again assaulted by Dovi. *Id.*    Plaintiff sustained serious injuries in the later assault.

\

III.   STANDARD OF REVIEW

Fed. R. Civ. P. 12(b)(6) allows for motions raising certain enumerated defenses to be filed before pleading to a complaint.  The Defendants assert the Complaint fails to state a claim upon which relief can be granted.

A Fed. R. Civ. P. 12(b)(6) motion is testing the legal sufficiency of the Complaint. *Edwards v. City of Goldsboro*, 178 F. 2d 231, 243 (4th Cir. 1999).  Therefore, the Court accepts all well-pleaded allegations as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff.  *Ibarra v. United States*, 120 F. 3d 472, 474 (4th Cir. 1997).

A complaint should be dismissed if it fails to allege "enough facts to state a claim to relief that is plausible on its face."  *Girratano v. Johnson*, 521 F3d 298, 302 (4th Cir. 2008) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 560-63, 127 S. Ct. 1955, 1968-69 (2008).  The complaint's allegations must be enough to raise a right to relief above the speculative level.  *Bell Atlantic*, 500 U.S. at 555, 127 S.Ct. at 1965.

For purposes of a Fed R. Civ.P. 12(b)(6) motion, the reviewing court need not accept unsupported conclusory allegations, *Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Papsan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 2944 (1986), or conclusory factual allegations devoid of any reference to actual events, practices, or policies.  *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).  *See also, Girratano*, 521 F.3d at 302.

It is also well recognized that only "reasonable" inferences from the evidence need be considered by the court. *Sylvia Development Corp. v. Calvert County, MD,* 48 F. 3d 810, 818 (4th Cir. 1995). Additionally, it is the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987)(quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24, 106 S. Ct. 2548, 2553 (1980)).

III.    ARGUMENTS.

      A.    The Defendants Had No Personal Involvement In Conduct Giving Rise To Liability Under 42 U.S.C. § 1983.

To the extent Plaintiff has attempted to state a claim against the Defendants for any personal actions that occurred with regard to his allegations, he has failed. In fact, the Complaint makes no allegations of any personal actions whatsoever by any of the Defendants.

Section 1983, "is not itself a source of substantive rights but merely provides "a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271, 114 S.Ct. 807, 811 (1994). Thus, "[t]he first step in any such claim is to identify the specific constitutional right allegedly infringed." *Id.*

The statute itself, 42 U.S.C. § 1983, is the primary source for the well-established principle that personal action of the defendant is required for liability. Specifically, the section of law begins "Every person who, under color of any statute…" The law thus requires "personal" involvement. Because 42 U.S.C. § 1983 liability is personal in nature, it requires a personal deprivation by each defendant that a plaintiff sues in order to state a claim. *See,*

*Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977), *Baker v. Lyles*, 904 F.2d 925, 929, n.2 (4th Cir. 1990).  Without such personal involvement of each Defendant there can be no personal liability under 42 U.S.C. § 1983.  *Lopez v. Robinson*, 914 F.2d 486, 494 (4th Cir. 1990).

Mere negligence by corrections officials does not amount to a failure to protect violation. *See*, *Ruefly v. London*, 825 F2d. 792 (4th Cir. 1987), *see  also Daniels v. Williams*, 474 U.S. 327, 106 S. Ct. 662 (1986).

For Plaintiff's failure to include in his Complaint any allegation of personal involvement by any of the Defendants, his Complaint should be dismissed.

B. Plaintiff Has Failed To State a Claim For Supervisory Liability.

The law in the Fourth Circuit is well established that the doctrine of *respondeat superior* does not apply in § 1983 claims. *See Love-Lane v. Martin*, 355 F. 3d 766, 782 (4th Cir. 2004) (no *respondeat superior* liability under § 1983). Liability of supervisory officials "is not based on ordinary principles of *respondeat superior*, but rather is premised on 'a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those commuted to their care." *Baynard v. Malone*, 268 F. 3d 228, 235 (4th Cir. 2001) citing *Slakan v. Porter*, 737 F. 2d 368, 372 (4th Cir. 1984).

Supervisory liability under § 1983 must be supported with evidence that: (1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizen like the plaintiff;

(2) the supervisor's response to the knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices; and (3) there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. *See, Shaw v. Stroud*, 13 F. 3d 791, 799 (4th Cir. 1994).

A review of the Plaintiff's Complaint fails to find the above-required factual allegations, or any factual allegations about the Defendants herein. Thus, the Plaintiff failed to assert the required elements for supervisory liability as to each of the Defendants and the Complaint ought to be dismissed.

C.      The Defendants Are Entitled To Qualified Immunity.

If the Court determines that Plaintiff has stated a constitutional claim against the Defendants, each of the Defendants is entitled to qualified immunity.  The Supreme Court  has determined that government officials are entitled to qualified immunity from personal, civil liability under 42 U.S.C. §1983, in large measure because of the complex tasks performed by such officials.   *Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727 (1982).  In *Harlow*, the Supreme Court held that "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Id*. at 818, 102 S.Ct. at 2738.  *See also, Mitchell v. Forsyth*, 472 U.S. 511, 524, 105 S.Ct. 2806, 2814 (1985).

It is important to recognize that the right allegedly violated by the public official must be articulated in a "particularized" and "relevant" way, "not merely as an overarching entitlement to due process." *Pinder v. Johnson,* 54 F.3d 1169, 1173 (4th Cir. 1993) (citing *Anderson v. Creighton*, 486 U.S. 635, 640, 107 S.Ct. 3034, 3039 (1987)).  The Court "must be able to conclude that, in light of the pre-existing law, the unlawfulness of the challenged action was apparent to the official."  *Cromer v. Brown*, 88 F.3d 1315, 1325 (4th Cir. 1996) (internal citations omitted).  Stated another way, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right."  *Anderson*, 483 U.S. 639-40, 107 S.Ct. 3039.

Claims of qualified immunity are appropriate for resolution on a motion to dismiss because the immunity is an entitlement not to stand trial or face the other burdens of litigation. *Mitchell*, 472 U.S. at 526, 105 S.Ct. at 2815.

There are actually two levels at which the qualified immunity shield operates.  "First, the particular right must be clearly established in law.  Second, the manner in which this right applies to the actions of the official must also be apparent."  *Maciariello v. Summer,* 973 F.2d 295, 298 (4th Cir. 1992).  Officials are not liable for bad guesses in gray areas; they are liable for transgressing bright lines.  *Id*.

In *Pearson v. Callaghan*, 555 U.S. 223, 129 S.Ct. 808 (2009) the United States Supreme Court modified the former rigid two-step protocol, in such cases, of deciding if the facts alleged make out a constitutional violation.  Under previous procedure if the first step was satisfied the

reviewing court had to decide if the right at issue was "clearly established" at the time of defendant's conduct. *Saucier v. Katz*, 533 U.S. 194, 201, 121 S.Ct. 2151, 2155 (2001). Under *Pearson*, reviewing courts are now allowed to evaluate the two factors in whatever order they choose, in light of the circumstances of the particular case. *Pearson*, 129 S.Ct. at 818.

No matter which approach is used by the Court in this matter, it is clear that Plaintiff has failed to demonstrate that any Defendant violated any  clearly established constitutional right of Plaintiff of which a reasonable official would have known. Therefore, all claims against the Defendants should to be dismissed.

CONCLUSION

For all of these reasons stated herein, Plaintiff's Complaint should  be dismissed.

Respectfully submitted,

DOUGLAS F. GANSLER
ATTORNEY GENERAL OF MARYLAND

___/s/_____
Donald E. Hoffman
Assistant Attorney General
Department of Public Safety and
   and Correctional Services
115 Sudbrook Lane, Suite A
Pikesville, MD  21208
(410) 764-5366 (fax)
Dehoffman@dpscs.state.md.us
Federal Bar No. 23529
(410) 585-3081

Attorneys for Defendants

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 7th day of March, 2014, a copy of the foregoing

Memorandum of Law In Support of Defendants' Motion to Dismiss was e-filed and mailed,

postage prepaid to Larry Washington, #407448, Roxbury Correctional Institution, 18701

Roxbury Road, Hagerstown, MD 21746, Plaintiff *pro se*.


____/s/_____
Donald E. Hoffman