IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LARRY WASHINGTON, #407-448 | * | |
| Plaintiff | * | |
| v. | * | CIVIL ACTION NO. GLR-13-3767 |
| GARY D. MAYNARD, et al. | * | |
| Defendants | * | |

## ORDER

Pending before the Court is Defendants', Gary D. Maynard, Marion Tuthill, and Captain Karen Moore, Motion to Dismiss (ECF No. 6), and Plaintiff's, Larry Washington, Motion for Counsel (ECF No. 8). The Court, having reviewed the pleadings and supporting documents, finds no hearing necessary. See Local Rule 105.6 (D. Md. 2011). For the reasons given in specific detail below, Defendants' Motion to Dismiss will be denied and Washington's Motion for Counsel will be granted.

While incarcerated at the Baltimore City Detention Center in February 2012, Washington was assaulted by members of the Black Guerilla Family gang, including fellow inmate Brandon Dovi. (See Compl., ECF No. 1). Washington alleges that after Dovi completed segregation time for the attack, Dovi was placed back on Plaintiff's housing unit, and that as a result, he feared for his life and requested housing reassignment. Id. Notwithstanding the previous assault, Washington's request for housing reassignment was denied. Id. On May 31, 2012, Dovi assaulted Washington for a second time, which resulted in Washington's left eye being surgically removed. Id. On December 13, 2013, Washington brought suit against Defendants under 42 U.S.C. § 1983 seeking five-million dollars in damages, claiming that Defendants, by refusing to reassign his housing, failed to keep him safe from harm by Dovi. Id.

Defendants challenge the legal sufficiency of Washington's Complaint arguing they had no personal involvement in the underlying conduct, Washington has failed to state a claim for supervisory liability under the doctrine of respondeat superior, and they are entitled to qualified immunity. (See Mem. Supp. Defs.' Mot. Dismiss, ECF No. 6-1). It is well settled, however, that "prison officials have a duty to protect prisoner from violence at the hands of other prisoners" under either the Eighth or Fourteenth Amendments.[1]   Farmer v. Brennan, 511 U.S. 825, 833 (1994) (quoting Cortes–Quinones v. Jimenez–Nettleship, 842 F.2d 556, 558 (1st Cir. 1988)) (internal quotation marks omitted). Further, a "factfinder may conclude that a prison official knew of a substantial risk [of harm] from the very fact that the risk was obvious." Id. (quoting 1 Wayne R. LaFave & Austin W. Scott, Substantive Criminal Law § 3.7, p. 335 (1st ed. 1986)). Thus, the Court concludes that Washington's Complaint states facts sufficient to state a claim against Defendants.

Regarding qualified immunity, Defendants may "be shielded from liability for civil damages if their actions did not violate 'clearly established statutory or constitutional rights of which a reasonable person would have known,'" even if they participated in constitutionally impermissible conduct. Hope v. Pelzer, 536 U.S. 730, 739 (2002) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). But Defendants' defense of qualified immunity fails here because the duty of prison officials to protect inmates from harm at the hands of fellow inmates has been clearly established for years. Solesbee v. Witkowski, 56 F.3d 62 (4th Cir. 1995); see also Farmer, 511 U.S. at 831-34 (establishing that inmates are entitled to reasonable protection from fellow inmate attacks).

---

[1] Whether Plaintiff was a pre-trial detainee or already sentenced and awaiting prison designation at the time of attack is unclear. This distinction is not material, however, because the constitutional protections afforded a pretrial detainee as provided by the Fourteenth Amendment are co-extensive with those provided to convicted prisoners by the Eighth Amendment. See Bell v. Wolfish, 441 U.S. 520, 535 n.16 (1979); Hill v. Nicodemus, 979 F.2d 987, 990-91 (4th Cir. 1992); Riley v. Dorton, 115 F.3d 1159, 1167 (4th Cir. 1997) (pretrial detainee's Fourteenth Amendment right with respect to excessive force is similar to prisoner's Eighth Amendment right), abrogated on other grounds by Wilkins v. Gaddy, 559 U.S. 34 (2010). As a practical matter, the Fourth Circuit does not distinguish between the Eighth and Fourteenth Amendments in the context of a pretrial detainee's civil rights claim. See Hill, 979 F.2d at 990-92.

Accordingly, Defendants' Motion to Dismiss will be denied.

With respect to Washington's Motion for Counsel, the Court's power to appoint counsel under 28 U.S.C. § 1915(e)(1) [2] is a discretionary one and may be considered where an indigent claimant presents exceptional circumstances.  See Harris v. Salley, 339 F.App'x 281, 284 (4th Cir. 2009).  "Exceptional circumstances exist where a pro se litigant has a colorable claim but lacks the capacity to present it." Id. (quoting Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984)) (internal quotation marks omitted).  Upon careful consideration of Washington's Complaint, the Court finds that the constitutional claims presented are unduly complicated and that Washington has not demonstrated the capacity to present those claims adequately.

Accordingly, it is this 3rd day of April 2014, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. Defendants' Motion to Dismiss (ECF No. 6) is DENIED;

2. Plaintiff's Motion for Counsel (ECF No. 8) is GRANTED.  By separate Order, counsel SHALL BE APPOINTED to represent Plaintiff. The case is STAYED pending appointment of counsel;

3. Following appointment of counsel for Plaintiff, counsel SHALL promptly REVIEW the pleadings; INITIATE contact with Plaintiff; FILE an Amended Complaint; and, after service of the Amended Complaint, contact Defendants' counsel and FILE a joint status report within ninety days of appointment; and

4. The Clerk SHALL TRANSMIT a copy of this Order to the parties and SHALL ALSO PROVIDE a copy of this Order to the Clerk of Court's **Pro Bono Coordinator** to facilitate appointment of counsel.

/s/

_____
George L. Russell, III
United States District Judge

---

[2] Under § 1915(e)(1), a court of the United States may request an attorney to represent any person unable to afford counsel.