IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LARRY WASHINGTON, #407448 | * | |
|    Plaintiff, | * | |
|        v. | * | Civil Action No. GLR-13-03767 |
| GARY D. MAYNARD, et al. | * | |
|    Defendants. | * | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS
<u>PLAINTIFF'S FIRST AMENDED COMPLAINT</u>

Defendants Gary D. Maynard, Marion Tuthill, and Captain Karen Moore by their attorneys, Douglas F. Gansler, Attorney General, and Donald E. Hoffman, Assistant Attorney General, pursuant to Fed. R. Civ. P. 12(b)(6), hereby file their Memorandum of Law in Support of their Motion to Dismiss Plaintiff's First Amended Complaint for failure to state a claim upon which relief can be granted, and for those reasons as more fully set forth herein.

I. INTRODUCTION

On or about December 13, 2013, Plaintiff filed a *pro se* "FORM TO BE USED BY A PRISONER FILING A COMPLAINT UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983" and a Motion for Leave to Proceed *In Forma Pauperis*." ECF Nos. 1 and 2, respectively. On January 6, 2014, the Honorable George L. Russell, III, provisionally granted Plaintiff's Request

for Leave to Proceed *In Forma Pauperis* and issued an Order directing the Defendants to respond to the Complaint. ECF No. 3.

On March 6, 2014, Defendants Maynard, Tuthill and Moore, by undersigned counsel, filed a Motion to Dismiss and Memorandum of Law in Support. ECF No. 6. On March 20, 20124, Plaintiff filed a Motion for Counsel and Declaration in Opposition to the Motion to Dismiss. ECF No. 8 and 9, respectively.

On April 3, 2014, the Court granted Plaintiff's Motion for Counsel and denied Defendants' Motion to Dismiss. ECF No. 10. On April 4, 2014, the Court appointed Brett Ingerman, Esquire as counsel for the Plaintiff.

On April 10, 2014, Defendant Maynard, Tuthill, and Moore filed an Answer to the Complaint. ECF No. 12. On July 2, 2014, Plaintiff, through counsel, filed a First Amended Complaint adding four additional correctional officer defendants, suing all defendants in their individual and official capacities for the following counts.

Count I – 42 U.S.C. Section 1983 – Eighth Amendment – All Defendants

Count II – 42 U.S.C. Section 1983 – Fourteenth Amendment – All Defendants

Count III – 42 U.S.C. § 1983 – Supervisory Liability – Defendants
Maynard, Tuthill, Miles and Moore[1]

Count IV – Negligence – All Defendants

Count V – Negligent Hiring, Supervision and Retention – Defendants Maynard

Tuthill, Miles and Moore

---

[1] Undersigned counsel does not represent Defondant Shavella Miles.

Count VI – Intentional Infliction of Emotional Distress – All Defendants

ECF No. 14.

The First Amended Complaint seeks unspecified monetary damages and equitable relief. A jury trial is requested.

Defendants Maynard, Tuthill and Moore now file their Motion to Dismiss First Amended Complaint for its failure to state a claim upon relief may be granted and for those other reasons as stated herein.

II.  STATEMENT OF FACTS.

The Plaintiff alleges in his First Amended Complaint that while incarcerated at the Baltimore City Detention Center ("BCDC") that he was twice assaulted by inmate Brandon Dovi ("Dovi"), a Black Guerilla Family ("BGF") gang member in concert with other BGF members.  First Amended Complaint at paragraphs 3, 5 and 6.  After the first attack, Plaintiff alleges he was relocated within the BCDC while the alleged assailant Dovi was placed on punitive segregation.  *Id*. at paragraph 4.

Upon Dovi's release from punitive segregation, Plaintiff claims Dovi was relocated to Plaintiff's BCDC housing section.  *Id*. at paragraph 5.  Plaintiff alleges he feared for his safety from Dovi and made his concerns known orally to the correctional officer defendants and in writing to Defendant Moore.  *Id*. at paragraph 5.

On May 31, 2012, Plaintiff claims he was again assaulted by Dovi and BGF members. As a result of the attack, he lost his left eye and suffered chronic pain and emotional injuries. *Id*. at paragraphs 6 and 7.

II.   STANDARD OF REVIEW

Fed. R. Civ. P. 12(b)(6) allows for motions raising certain enumerated defenses to be filed before pleading to a complaint. Defendants Maynard, Tuthill and Moore assert the First Amended Complaint fails to state a claim upon which relief can be granted.

A Fed. R. Civ. P. 12(b)(6) motion is testing the legal sufficiency of the Complaint. *Edwards v. City of Goldsboro*, 178 F. 2d 231, 243 (4th Cir. 1999). Therefore, the Court accepts all well-pleaded allegations as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. *Ibarra v. United States*, 120 F. 3d 472, 474 (4th Cir. 1997).

A complaint should be dismissed if it fails to allege "enough facts to state a claim to relief that is plausible on its face." *Girratano v. Johnson*, 521 F3d 298, 302 (4th Cir. 2008) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 560-63, 127 S. Ct. 1955, 1968-69 (2008). The complaint's allegations must be enough to raise a right to relief above the speculative level. *Bell Atlantic*, 500 U.S. at 555, 127 S.Ct. at 1965.

For purposes of a Fed R. Civ.P. 12(b)(6) motion, the reviewing court need not accept unsupported conclusory allegations, *Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Papsan v. Allain*, 478 U.S. 265,

4

286, 106 S. Ct. 2932, 2944 (1986), or conclusory factual allegations devoid of any reference to actual events, practices, or policies. *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979). *See also, Girratano*, 521 F.3d at 302.

It is also well recognized that only "reasonable" inferences from the evidence need be considered by the court. *Sylvia Development Corp. v. Calvert County, MD,* 48 F. 3d 810, 818 (4th Cir. 1995). Additionally, it is the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Felty v. Graves-Humphreys Co*., 818 F.2d 1126, 1128 (4th Cir. 1987)(quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24, 106 S. Ct. 2548, 2553 (1980)).

III. ARGUMENTS.

    A. Plaintiff's Claims Against Defendants Maynard, Tuthill, and Moore, In Their Official Capacities, Are Barred By the Eleventh Amendment.

In his First Amended Complaint the Plaintiff pleads that his claims against the Defendants are made against them "in their individual and official capacities." First Amended Complaint at paragraph 1. It is well settled law that official-capacity suits "generally represent only another way of pleading an action an entity of which an officer is an agent" and in essence are "suits against the entity." *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985)(internal quotation marks omitted). "Because the real party in interest in an official-capacity suit is the entity, a plaintiff can only recover damages from the entity itself…." *Anderson v. Daw*, 301 F. 3d 521, 525 (4th Cir. 2000).

Where the real party in interest is the State of Maryland itself, as it is here in Plaintiff's official capacity suit against the Defendants, they are entitled to Eleventh Amendment immunity. The Eleventh Amendment provides:

> The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or subjects of any Foreign State.

"The ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court." *Board of Trustees of University of Alabama v.Garrett*, 531 U.S. 356, 363 (2001). *See also, Kimel v. Florida Board of Regents*, 528 U.S. 62, 73, (2000). "A State's constitutional interest in immunity encompasses not merely *whether* it may be sued, but *where* it may be sued." (emphases in original) *Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 99 (1984). For this reason, the Supreme Court

> '[C]onsistently has held that a State's waiver of sovereign immunity in its own courts is not a waiver of the Eleventh Amendment immunity in the federal courts. *See*, e.g., *Florida Department of Health v. Florida Nursing Home Assn.*, 450 S. 147, 150, 101 S.Ct. 1032, 1034, 67 L.Ed.2d 132 (1981). '[I]t is not consonant with our dual system for the federal courts…to read the consent to embrace federal as well as state courts….' [A] clear declaration of the state's intention to submit its fiscal problems to other courts than those of its own creation must be found.' *Great Northern Life Insurance Co. v. Read*, 322 U.S. 47, 54, 64 S.Ct. 873, 877, 88 L.Ed. 1121 (1944)."

*Pennhurst State School and Hospital*, 465 U.S. 99, n. 9 (1984).

Consequently, Eleventh Amendment immunity is a limitation, actually a prohibition, on the

Federal Court's jurisdiction.

This prohibition "encompasses not only actions in which a State is actually named as a defendant but also certain actions against state agents and state instrumentalities." *Regents of University of California v. Doe*, 519 U.S. 425, 429 (1997). Eleventh Amendment immunity also applies to state agencies that may be properly characterized as "arms of the state …."" *Harter v. Vernon*, 101 F.3d 334, 337 (4th Cir. 1996) quoting, *Mt. Healthy City Bd. Of Ed. v. Doyle*, 429 U.S. 274, 280 (1977). Thus, "' when the action is in essence one for the recovery of the money from the state, the state is the real, substantial party in interest and is entitled to invoke its sovereign immunity from suit….'" *Regents of University of California*, 519 U.S. at 429.

There are only three exceptions to a State's sovereign immunity under the Eleventh Amendment. A State may waive its immunity and consent to suit in federal court. *Green v. Mansour*, 474 U.S. 64, 68 (1985). Second, the Eleventh Amendment does not bar a suit against a state official seeking prospective relief to end a continuing violation of federal law. *Ex Parte Young*, 209 U.S. 123, 167 (1908). Third, Congress may validly abrogate the State's Eleventh Amendment immunity. *Seminole Tribe of Florida v. Florida*, 517 U.S 44, 55 (1996).

Here, the State of Maryland has not waived its Eleventh Amendment immunity. The State of Maryland expressly has waived its sovereign immunity only in **State** courts in accordance with Md. Code Ann., State Gov't §12-104(a)(1)(2009 Repl. Vol.): "[T]he immunity of the State and of its units is waived as to a tort action, **in a court of the State**, to the extent

provided under paragraph (2) of this subsection." (Emphasis added). Further, the Maryland Tort Claims Act does not operate to "waive any right or defense of the State or its units, officials, or employees in an action in a court of the United States or any other state, including any defense that is available under the Eleventh Amendment to the United States Constitution…." Md. Code Ann., State Gov't § 12-103(2)(2009 Repl. Vol.).

For those reasons cited herein, the official capacity claims against Defendants Maynard, Tuthill, and Moore are barred and ought to be dismissed.

> B. Defendants Maynard, Tuthill And Moore, In Their Official Capacities Are Not Persons Who Can Be Sued Under 42 U.S.C. Section 1983.

In Counts I, II, and III, of the First Amended Complaint, Plaintiff filed suit against Defendants Maynard, Tuthill, and Moore seeking monetary damages for alleged violations of 42 U.S.C. § 1983. Suit was brought against these Defendants in their official capacity. Because the above-named Defendants, in their official capacities are not a "person" within the meaning of 42 U.S.C. § 1983, Counts I, II, and III of the First Amended Complaint must be dismissed.

As stated herein, a suit against a government defendant in their official capacity is actually a suit against the governmental entity. *Kentucky,* 473 U.S. at 165-66. Therefore, the Plaintiffs are actually suing the State of Maryland, Defendants' employer at the time of the incident alleged.

It is firmly established that an action for money damages under 42 U.S.C. § 1983, cannot be maintained against a state defendant in his official capacity. *Will v. Michigan Department of State Police*, 491 U.S. 58, 71, (1989); *See also, Goodmon v. Rockefeller*, 947 F.2d 1186 (4th Cir.

1991). Thus, Plaintiff's claims against Defendants Maynard, Tuthill, and Moore, seeking money damages in their official capacities ought to be dismissed.

    C. **Defendants Maynard And Tuthill Had No Personal Involvement In Conduct Giving Rise to Liability Under 42 U.S.C. § 1983.**

To the extent Plaintiff has attempted to state a claim against Defendants for any personal actions that occurred with regard to his allegations, he has failed. In fact, the Complaint makes no allegations of any personal actions whatsoever by the Defendants Maynard, and Tuthill.

Section 1983, "is not itself a source of substantive rights but merely provides "a method for vindicating federal rights elsewhere conferred."" *Albright v. Oliver*, 510 U.S. 266, 271, 114 S.Ct. 807, 811 (1994). Thus, "[t]he first step in any such claim is to identify the specific constitutional right allegedly infringed." *Id*.

The statute itself, 42 U.S.C. § 1983, is the primary source for the well-established principle that personal action of the defendant is required for liability. Specifically, the section of law begins "Every person who, under color of any statute…" The law thus requires "personal" involvement. Because 42 U.S.C. § 1983 liability is personal in nature, it requires a personal deprivation by each defendant that a plaintiff sues in order to state a claim. *See, Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977), *Baker v. Lyles*, 904 F.2d 925, 929, n.2 (4th Cir. 1990). Without such personal involvement of Defendants Maynard and Tuthill there can be no personal liability under 42 U.S.C. § 1983. *Lopez v. Robinson*, 914 F.2d 486, 494 (4th Cir. 1990).

Mere negligence by corrections officials does not amount to a failure to protect violation. *See*, *Ruefly v. London*, 825 F2d. 792 (4th Cir. 1987), *see also Daniels v. Williams*, 474 U.S. 327, 106 S. Ct. 662 (1986).

For Plaintiff's failure to include in his First Amended Complaint any allegation of personal involvement by Defendants Maynard and Tuthill his First Amended Complaint should be dismissed.

    D.  Count III of Plaintiff's First Amended Complaint Fails To State A Claim for Supervisory Liability.

The law in the Fourth Circuit is well established that the doctrine of *respondeat superior* does not apply in § 1983 claims. *See Love-Lane v. Martin*, 355 F. 3d 766, 782 (4th Cir. 2004) (no *respondeat superior* liability under § 1983). Liability of supervisory officials "is not based on ordinary principles of *respondeat superior*, but rather is premised on 'a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care." *Baynard v. Malone*, 268 F. 3d 228, 235 (4th Cir. 2001) citing *Slakan v. Porter*, 737 F. 2d 368, 372 (4th Cir. 1984).

Supervisory liability under § 1983 must be supported with evidence that: (1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; (2) the supervisor's response to the knowledge was so inadequate as to show deliberate

10

indifference to or tacit authorization of the alleged offensive practices; and (3) there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. *See, Shaw v. Stroud*, 13 F. 3d 791, 799 (4th Cir. 1994).

A review of the Plaintiff's First Amended Complaint fails to find the above-required factual allegations, about Defendants Maynard, Tuthill, and Moore herein.  Against Defendants Maynard and Tuthill there are no well-pleaded facts that either administrator had the requisite actual or constructive knowledge required for supervisory liability under 42 U.S.C. § 1983. Plaintiff's allegations here against Defendants Maynard, Tuthill, and Moore, at best rise to no more than the speculative level. Such conjecture, of course, fails to state a claim for supervisory liability under 42 U.S.C. § 1983. *See, Bell Atlantic*, 500 U.S. at 555, and 127 S.Ct. at 1965. Therefore, Count III of Plaintiff's First Amended Complaint ought to be dismissed.

E.  Defendant's Maynard, Tuthill and Moore Have Statutory Immunity For All State Law Claims.

Maryland law is clear that State personnel have a qualified immunity from liability as prescribed by statute.  *See*, Md. Code. Ann. State Gov't § 12-105 (2009  Repl. Vol.), and Md. Code Ann. Cts. & Jud. Proc. § 5-522(b) (2006 Repl. Vol.) which states:

> State personnel, as defined in § 12-101 of the State Government Article, are immune from suit in courts of the State and from liability in tort for a tortious act or omission that is within the scope of the public duties of the State personnel and is made without malice or gross negligence, and for which the State or its units have waived immunity under Title 2, Subtitle 1 of the State Government Article, even if the damages exceed the limits of that waiver.

The Defendants Maynard, Tuthill, and Moore were clearly State personnel. In order to overcome a motion raising governmental immunity, the plaintiff must allege with some clarity and precision those facts which make an act malicious. *Elliott v. Kupferman*, 58 Md. App. 510, 528, 473 A.2d 960, 969 (1984). *See also, Green v. Brooks,* 125 Md. App. 349, 377, 725 A.2d 596, 610 (1999). "Indeed, plaintiff must present facts that indicate a nefarious motive, ill-will towards the plaintiff, or a history of animosity." *Houghton v. Forrest,* 183 Md. App. 15, 28 (2008) (internal citations omitted), (rev'd on other grounds), *Houghton v. Forrest*, 412 Md. 578, 989, A.2d 223 (2010).

The Maryland Court of Appeals has held that the appropriate test for determining if a Plaintiff has adequately stated "actual malice" sufficient to void the grant of qualified statutory immunity is "whether a jury could reasonably find that petitioners' conduct, given all the existing and antecedent circumstances, was motivated by ill will, by an improper motive, or by an intent to injure…." *Shoemaker v. Smith*, 353 Md. 143, 164, 725 A.2d 549, 560 (1999). *See also, Okwa v. Harper*, 360 Md. 161, 180, 757 A.2d 118, 128 (2000).

The Plaintiff must allege with some clarity and precision those facts which make an act malicious. *Elliott* at 527. "Characterizations of acts or conduct, no matter how often or how strongly adjectively asserted, are without supporting statement of fact (not evidence), conclusions of law or expressions of opinion." *Greenbelt Homes, Inc. v. Board of Education of Prince George's County*, 248 Md. 350, 360, 237 A.2d 18, 25 (1968) (internal citation omitted).

None of the allegations set forth in Plaintiff's First Amended Complaint sufficiently allege conduct of Defendants Maynard, Tuthill and Moore that would void their statutory immunity.  That is, the bald allegations and conclusions of law in Plaintiffs' First Amended Complaint, do not sufficiently allege malice, gross negligence, or conduct outside the scope of their public duties.  Therefore, the statutory, governmental immunity afforded state personnel bars Plaintiff's state law claims against the Defendants Maynard, Tuthill and Moore.  *See also, Young v. City of Mt. Ranier*, 238 F3d 567, 577-79 (4th Cir. 2001).

F.  Defendant's Maynard, Tuthill and Moore Have Public Official Immunity For The Negligence Based Counts In the First Amended Complaint

Plaintiff's claims of negligence, Count IV, and negligent hiring supervision and retention, Count V, against Defendants Maynard, Tuthill and Moore cannot stand due their clear public official immunity. I will explain.

"A government representative is entitled to public official immunity under the common law when he or she is acting as a public official, when the tortious conduct occurred while that person was performing discretionary rather than ministerial acts, and when the representative acted without malice." *Livesay v. Baltimore County,* 384 Md. 1, 12, 862 A. 2d 33, 39 (2004) (citation omitted). The *Livesay* Court held that a corrections officer was a public official.  *Id*. This was founded on the officer '''act[ing] as an arm of the State, in keeping incarcerated those committed to imprisonment and in maintaining order in the prison, and not to be held liable civilly for damages resulting from mere negligence in the performance of duties.'" *Id*. at 13, 862 A.2nd at 40, quoting from *Carder v Steiner*, 225 Md. 271, 275-6, 170 A. 2nd 220, 222 (1961).

Such public official immunity is applicable to non-intentional torts, such as Plaintiff's claims of negligence. See, *Ashton v Brown*, 339 Md. 70, 118, 660 A.2nd 447, 471 (1995). Therefore, Defendants Maynard, Tuthill and Moore are entitled to common law public official immunity for Counts IV and V of the First Amended Complaint.

    G.    Intentional Infliction of Emotional Distress.

Although Maryland recognizes the tort of intentional infliction of emotional distress, it is clear the allegations in Plaintiff's First Amended Complaint do not state a claim for the tort.

The elements of the tort of intentional infliction of emotional distress are:

1. The conduct must be intentional or reckless;

2. The conduct must be extreme and outrageous;

3. There must be a causal connecting between the wrongful conduct and the emotional distress;

4. The emotional distress must be severe.

*Harris v. Jones*, 281 Md. 560, 380 A. 2d 611 (1977). "These are stringent standards and each must be pled and proved with particularity." *Silkworth v. Ryder Truck Rental*, 70 Md. App. 264, 271, 520 A.2d 1114, 1128 (1987).

"Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Kentucky Chicken Co. v. Weathersby*, 326 Md. 663, 670, 607 A.2d 8, 11 (1992) quoting from Restatement (Second) of

14

Torts, § 46, comment "d" (1965). The conduct required to state a claim is usually deemed as "conduct exceeding all bounds usually tolerated by a decent society …." *Id*.

The conduct must be of the type that "the average member of the community must regard the defendant's conduct…as being a complete denial of the plaintiff's dignity as a person." *Dick v. Mercantile Safe*, 63 Md. App. 270, 276, 492 A.2d 674, 677 (1985). "The conduct must strike to the very core of one's being, threatening to shatter the frame upon which one's emotional fabric is hung." *Hamilton v. Ford Motor Credit Co*., 66 Md. App. 46, 59-60, 502 A.2d 1057, 1064 (1986). Plaintiff's First Amended Complaint lacks the specific factual allegations to support any of the elements of this disfavored cause of action.

By example, Plaintiff's pleading must show, and he must be able to prove, he had "'severely disabling emotional response.'" A "distress so 'severe that no reasonable man could be expected to endure it.'" *Tavakoli-Nouri v. State*, 139 Md. App. 716, 728, 779 A2d 992, 999 (2001) quoting from *Thacker v. City of Hyattsville*, 135 Md. App. 268, 315 (2000). "In developing the tort of intentional infliction of emotional distress…recovery will be meted out sparingly its balm reserved for those wounds that are truly severe and incapable of healing themselves." *Hamilton* 66 Md. App. at 61. Plaintiff must be unable to function and unable to tend to necessary matters. *Id.* (internal citations omitted). Plaintiff's First Amended Complaint falls far short here and Count VI ought to be dismissed.

## CONCLUSION

For all of these reasons stated herein, Plaintiff's First Amended Complaint against Plaintiff's Maynard, Tuthill, and Moore ought to be dismissed.

                                        Respectfully submitted,

                                        DOUGLAS F. GANSLER
                                        ATTORNEY GENERAL OF MARYLAND

                                        ___/s/_____
                                        Donald E. Hoffman
                                        Assistant Attorney General
                                        Department of Public Safety and
                                          and Correctional Services
                                        115 Sudbrook Lane, Suite A
                                        Pikesville, MD  21208
                                        (410) 764-5366 (fax)
                                        Dehoffman@dpscs.state.md.us
                                        Federal Bar No. 23529
                                        (410) 585-3081

                                        Attorneys for Defendants
                                        Maynard, Tuthill, and Moore

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 15th day of July, 2014, a copy of the foregoing Memorandum of Law In Support of Defendants' Motion to Dismiss was e-filed to all counsel of record.

                                        ___/s/_____
                                        Donald E. Hoffman